### WATSON v. MILLER et al.

### S. F. No. 1281; August 3, 1899.

58 Pac. 135.

**Administrator.**—In an Action Against an Administrator, it is not reversible error to overrule a demurrer by plaintiff to the complaint of intervening heirs, when the issues presented are the same as those raised by the answer of the administrator, and judgment must be the same as though the demurrer had been sustained.

**Administrator.**—In a Suit for $30,000 Against an Administrator for Services performed for testator, a finding that plaintiff performed

work, the value of which did not exceed $500; that the deceased did not promise to pay for the services, but they were understood to be gratuitous; and that plaintiff was paid and received the sum of $500 in full payment, is sufficient to support a judgment against plaintiff.

Administrator.—In an Action Against an Administrator for Services performed for deceased, where the complaint alleges that deceased promised to pay for such services, and the answer denies the promise, a finding that deceased did not promise is not outside the issues.

Administrator.—In an Action Against an Administrator, a Former administrator of the same estate was introduced as a witness. In cross-examination the decree of revocation of his letters of administration was introduced, and objected to as not being proper cross-examination and as irrelevant and immaterial. No part of the evidence in chief was set out, and the bill of exceptions did not set out the decree of revocation. Held, that the appellate court cannot pass upon this exception.

Administrator.—In an Action Against an Administrator for Compensation for services performed for testator, evidence that testator had expressed himself as not wishing to go away owing any man anything is immaterial.

Evidence.—Where, on Objection to Testimony, Counsel Introducing it explains that it is part of a conversation introduced by opposing counsel, and the court admits it, and it subsequently turns out to be immaterial, if no motion to strike it out is interposed the prejudiced party cannot complain.

Administrator.—In an Action Against an Administrator for Compensation for services performed for testator, a partner of plaintiff testified that plaintiff told him that he was attending to testator's affairs. Testator was not present when this statement was made. Defendant's counsel objected to the evidence, and questioned the witness with the object of showing that he was an interested party, following it by an objection to the testimony, which the court sustained. The testimony already given was not stricken out, nor did plaintiff's counsel offer any further testimony by this witness. Held, that the appellate court will not reverse, even though the objection was erroneously sustained, as the evidence of the witness was retained, and it cannot be assumed that any further facts would have been proven by him.

APPEAL from Superior Court, City and County of San Francisco.

Action by Peter W. Watson against Eliza M. Miller, as administratrix of the estate of A. P. More, deceased. Certain heirs intervened. From a judgment for defendants, plaintiff appeals. Affirmed.

Reel B. Terry for appellant; John B. Mhoon and C. A. Storke for respondents.

PER CURIAM.—The plaintiff brought this action against the administrator of the estate of A. P. More, deceased, to recover the sum of $30,000, claimed to be the reasonable value of work, labor and services alleged to have been performed by him, for and at the request of said A. P. More, within two years prior to his death. A complaint in intervention was filed by two of the heirs of the deceased, and the plaintiff's demurrer thereto was overruled. Upon the trial of the cause the court rendered judgment against the plaintiff, from which, and from an order denying his motion for a new trial, he has appealed.

1. Appellant contends that the court erred in overruling his demurrer to the complaint of the interveners; that an heir is not entitled to intervene in an action brought against the administrator to recover a claim against the estate. It is not necessary, however, to determine this question upon the present appeal, since the issues presented by the complaint in intervention were the same as those presented by the answer of the administrator, and the findings of the court against the allegations of the complaint, as well as the judgment thereon, must have been the same had the plaintiff's demurrer to this intervention been sustained. The order overruling his demurrer is not, therefore, a sufficient ground for reversing the judgment.

2. It is next urged as a ground for reversal that the findings of fact are insufficient to support the judgment, in that there is no finding that plaintiff did not perform the services alleged in the complaint to have been rendered, and that it is not found that such services as alleged were not of the value of $30,000. The court found "that the plaintiff, within two years prior to the death of A. P. More, deceased, performed work, labor, and services for and at the request of said A. P. More, which said work, labor, and services did not exceed in value five hundred dollars; that said A. P. More, deceased, at no time promised and agreed to pay the plaintiff for any services mentioned in the complaint any sum whatever, but that all services which plaintiff performed for decedent during said two years were mutually understood and agreed between plaintiff and defendant to be gratuitous, and to be rendered without

charge, and were such services as a broker usually renders gratuitously to a customer who is doing other business with him; that, for such services found to be performed as aforesaid, plaintiff was paid and did receive the sum of five hundred dollars in full for such services, and gave his receipt in full therefor.'' These findings might have been greatly condensed, but they are clearly sufficient to support the judgment. It is said, however, that the finding that More did not promise to pay plaintiff for said services is outside of the issues. The answer denied that More ever promised or agreed to pay plaintiff for said services, thus raising an issue upon the allegation of the complaint that he did so promise and agree. But, if it were otherwise, it would not affect the judgment, since it was found that his services were worth no more than $500, and he was paid that sum, and received it in full.

3. It is further contended that the court erred in certain rulings upon the trial. J. F. More, who was the administrator of said estate at the time this action was commenced, was called as a witness for the plaintiff. Upon cross-examination he testified that he did not know whether he was then the administrator of said estate or not; that his letters were revoked, but he could not give the reasons why they were revoked. The defendant offered in evidence the findings and decree revoking the letters of the witness as administrator of said estate, and plaintiff objected that it was not cross-examination, and was irrelevant and immaterial. As no part of the evidence of the witness in chief is set out or stated, we cannot say that it was not proper cross-examination; and as the bill of exceptions neither sets out said findings and decree, nor gives any statement of the facts shown thereby, we cannot say that plaintiff was prejudiced, even if its irrelevancy and immateriality were conceded. Certainly we are not able to say that it tended to discredit the witness.

W. H. Chickering, called by the plaintiff, was asked upon cross-examination, ''Did you have any conversation with Mr. More with reference to his indebtedness to anybody?'' Plaintiff objected that it was incompetent, immaterial and irrelevant. Counsel for defendant explained that it was a part of a conversation put in by the plaintiff. The court thereupon overruled the objection, and the witness answered: ''It was a few days before Mr. More went away. I was at his room in the Palace Hotel at his request, and as I went away he

asked me whether he owed me anything, and I told him no. And then he said that, if he did, he wished I would send him a bill and let him pay it, as he did not propose to go away owing any man anything." In view of counsel's explanation, the ruling was proper. The evidence given was, however, incompetent for the purpose of proving that More denied any indebtedness to the plaintiff, if it could be so construed, and would doubtless have been stricken out if counsel for plaintiff had requested it. He cannot, therefore, complain, even if he was prejudiced by the answer. But we do not see any reason to suppose that the court gave it any consideration, or that plaintiff was in any way prejudiced.

Henry Marx, called by the plaintiff, testified that he and the plaintiff were partners in the wool business, and that he was in the fur business with his brother; that he knew A. P. More; that he had seen him and Watson together a great deal; that Watson made out his shipping and consignment papers and wrote his letters for him; that was in the spring of 1890; that witness had no interest in this suit; that plaintiff's services to More were rendered for himself. The witness was then asked: "Did you and Mr. Watson ever have any understanding as to his being allowed to attend to this business, and as to what you could be allowed to do in relation to your fur business? If so, state it. A. Well, now, Mr. More was around the office a great deal, and I asked Mr. Watson what business he had with Mr. More, and he told me he was attending to his business." Counsel for defendant objected to the answer "as being a declaration in his own interest not made when Mr. More was present." Counsel for plaintiff repeated that he wished to show that plaintiff and Marx had an understanding that plaintiff was allowed to do this business for More, and the witness Marx could attend to his fur business. Defendant's counsel then asked the witness: "Did the firm of Watson & Marx receive pay for handling and scouring the wool of A. P. More? A. Yes, sir. Q. Did you get your share of it? A. Yes, sir. Q. You got your share of all the money paid to Watson & Marx for doing the business and handling the wool of A. P. More, did you not? A. Yes, sir." Counsel for defendant then said: "Now, I think the witness has clearly shown that he is interested in all the business done for A. P. More, and that he ought not to be allowed to testify to anything that happened

prior to the death of A. P. More.'' The court sustained the objection, to which ruling plaintiff's counsel duly excepted. There was no motion to strike out the testimony given by the witness, nor any offer to prove by him any additional fact tending to establish plaintiff's cause of action. The plaintiff therefore had the benefit of the testimony already given, and, in the absence of any offer to prove additional facts, we cannot assume that other facts were within the knowledge of the witness which would have tended to the benefit of the plaintiff. The judgment and order denying a new trial are affirmed.